PROB 12C
Rev 2/03

# United States District Court

## for

## Southern District of Ohio

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: **Larry E. Kidd**　　　　　　　　　　　　Case Number: **1:00CR00112**

Name of Sentencing Judicial Officer: **The Honorable Herman J. Weber, United States Senior District Judge**

Date of Original Sentence: **March 30, 2001**

Original Offense: **Mail Fraud, in violation of 18 U.S.C. § 1341**

Original Sentence: **30 months prison, 36 months of supervised release, $15,436.09 in restitution, and a $100 special assessment.**

Type of Supervision: **Supervised Release**　　　　Date Supervision Commenced: **September 1, 2004**

Assistant U.S. Attorney: **To be assigned**　　　　　　Defense Attorney: **To be assigned**

## PETITIONING THE COURT

[X]　To issue a warrant
[ ]　To issue an Order to Appear and Show Cause
[ ]　To grant an exception to revocation without a hearing.

| Violation Number | Nature of Noncompliance |
|---|---|
| #1 | Condition #3: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.<br><br>On November 4, 2005, the Warren County, Ohio Child Support Enforcement Agency informed this officer that Kidd was required to pay $309.40 a month on his child support order. The Agency further advised this officer that Kidd has never made a payment toward his child support order and that he has an outstanding balance of $45,012.95. On November 7, 2005 and November 22, 2005, this officer informed Kidd that he must start complying with his child support order in Warren County, Ohio. As of January 18, 2006, Kidd has not made any payments on his child support order in Warren County, Ohio. |

#2      Special Condition #3: The defendant shall answer truthfully all inquires by the probation officer and follow the instructions of the probation officer.

On December 29, 2005, this officer instructed Kidd to continue to comply with the random urine collection program at Horizon Services until the Court addressed his violation behavior. Kidd was required to attend the urine collection program once a week. Kidd has not reported to the urine collection program since November 10, 2005.

Pursuant to 18 U.S.C. § 3583(g)(3), if the defendant refuses to comply with drug testing imposed as a condition of supervised release, a mandatory revocation is applicable.

#3      Condition #7: You shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.

On July 26, 2005, August 12, 2005, November 22, 2005, and December 15, 2005, Kidd submitted urine samples that tested positive for cocaine.

#4      Special Condition: The defendant shall pay any unpaid balance of restitution.

On October 4, 2004, the Honorable Herman J. Weber, United States Senior District Judge, signed a Payment Schedule for Court-Ordered Monetary Penalties ordering Kidd to pay $50 a month toward his restitution commencing on October 15, 2004. Kidd signed the Payment Schedule on October 6, 2004 acknowledging Judge Weber's order. Based on the Payment Agreement, Kidd should have paid $800 toward his restitution from October 15, 2004 to January 15, 2006. As of January 18, 2006, Kidd has paid a total of $300 toward his restitution.

#5      Special Condition: The defendant shall participate and successfully complete the National Corrective Training Institute (theft class).

As of January 18, 2006, Kidd has not completed the National Corrective Training Institute.

U.S. Probation Officer Recommendation: Kidd has tested positive for cocaine four times within a 365 day period. Additionally, on December 29, 2005, this officer presented Kidd with a Request to Modify the Conditions of Supervised Release requiring him to complete 120 days at a halfway house. Kidd refused the modification and indicated he would rather appear before the Court for a revocation hearing. At that time, Kidd was informed that he must comply with the urine collection program at Horizon Services until the Court can address his violation behavior. Kidd has not attended the urine collection program since November 10, 2005. Thus, it is apparent that Kidd's drug usage is out of control and he needs to be detained until he appears before the Court for a revocation hearing.

PROB 12C
Rev 2/03

3

The term of supervision should be
- [X] Revoked.
- [ ] Extended for years, for a total term of years.
- [ ] Continued based upon the exception to revocation under 18 USC 3563(e) or 3583(d)
- [ ] The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing
is true and correct.

Respectfully Submitted By

*Mark R. Grawe*

Mark R. Grawe
U.S. Probation Officer
Date: January 18, 2006

Approved By

*John C. Cole*

John C. Cole
Supervising U.S. Probation Officer
Date: January 18, 2006

THE COURT ORDERS:

- [ ] No Action
- [X] The Court finds that there is probable cause to believe the defendant has violated the conditions of his/her probation/supervised release and orders the Issuance of a Warrant for his/her arrest.
- [ ] The Issuance of an Order to Appear and Show Cause
- [ ] The Court finds the defendant can benefit from continued substance abuse treatment and grants an exception to revocation. The supervision term of the defendant is continued under all original terms and conditions.
- [ ] Other

_____
Signature of Judicial Officer

1/20/06
Date