# United States District Court
## Southern District of Ohio at

06 JUL 13 AM 10: 33

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**LARRY E. KIDD** | JUDGMENT IN A CRIMINAL CASE<br>(For **Revocation** of Probation or Supervised Release)<br><br>Criminal Number: 1:00CR112<br><br>USM Number: 03389-061<br><br>W. Kelly Johnson, Esq.<br>Defendant's Attorney |

**THE DEFENDANT:**

[✓]  admitted guilt to violation of condition(s) _3, 7 and standard and special conditions_ of the term of supervision.
[ ]  was found in violation of condition(s) ___ after denial or guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| See next page. | | |

The defendant is sentenced as provided in pages 2 through _7_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has not violated condition(s) _ and is discharged as to such violation(s) condition.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Defendant's Soc. Sec. No.:

Defendant's Date of Birth:

Defendant's Residence Address:
209 Shadow Lake Drive
Mason, Ohio 45040

Defendant's Mailing Address:
209 Shadow Lake Drive
Mason, Ohio 45040

February 23, 2006
Date of Imposition of Sentence

_/s/ Herman J. Weber_
Signature of Judicial Officer

Herman J. Weber, United States District Judge
Name & Title of Judicial Officer

2/23/06
Date

I certify that this is a true and correct copy of the original filed in my office on 2/23/06
JAMES BONINI, CLERK
BY: _____ Deputy Clerk
DATE: 2/24/06

AO 245-D (Rev. 06/05) Judgment in a Criminal Case for Revocation Sheet I

CASE NUMBER:  1:00CR112
DEFENDANT:   LARRY E. KIDD

Judgment - Page 2 of 7

## ADDITIONAL VIOLATION

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| #2 | The defendant shall answer truthfully all inquiries by the Probation Officer and follow instructions of the Probation Officer | (To date) |
| #3 | Condition #7. On July 26, 2005, August 12, 2005 November 22, 2005 and December 15, 2005 the defendant submitted urine samples that tested positive for cocaine. | 7/26/05<br>8/12/05<br>11/22/05<br>12/15/05 |
| #4 | Defendant violated the special conditions of Supervised Release by failure to pay restitution as Ordered. (See Judgment entered 3/30/01) | 1/15/06 |
| #6 | Defendant convicted of possession of illegal drug paraphernalia in violation of Standard Conditions of Supervised Release. | 2/2/06 |

DEFENDANT:
CASE NUMBER:

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of :

Fourteen (14) months incarceration

☐ The court makes the following recommendations to the Bureau of Prisons:

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m.  ☐ p.m.  on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on __5/9/06__ to __FCI Elkton__

a __Pittsburgh__ with a certified copy of this judgment.

                              T. R Sniezek, Warden
                              ~~UNITED STATES MARSHAL~~

              By _[signature]_
                   ~~DEPUTY UNITED STATES MARSHAL~~

DEFENDANT:
CASE NUMBER:

# ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

Defendant is Ordered to pay the balance of the Restitution previously Ordered by the Court. (See Judgment Order entered on 3/30/01)

DEFENDANT:
CASE NUMBER:

## ADDITIONAL SENTENCING INFORMATION

The defendant was sentenced on March 30, 2001, for a violation of Title 18, Section 1341 of the United States Code. The defendant was sentenced to the custody of the Bureau of Prisons for **THIRTY (30) MONTHS,** and following incarceration a term of Supervised Release of **THREE (3) YEARS,** with the special conditions that he undergo chemical dependency and mental health assessments and comply with any recommended treatment, and that he participate in and successfully complete the National Corrective Training Institute. Additionally, he was ordered to comply with the standard terms and conditions of Supervised Release and pay restitution in the amount of $15,436.09 and a special assessment of $100.00.

The defendant appeared with counsel, W. Kelly Johnson, Esq., before this Court for a Supervised Release Violation Hearing on February 23, 2006. The Court, being fully advised from the information contained in the Supervised Release Violation Report and statements made at said hearing, finds the defendant has violated:

1) the Condition of Supervised Release which provides that the defendant shall answer truthfully all inquiries by the Probation Officer and follow the instructions of the Probation Officer;
2) the Condition of Supervised Release which provides that the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substances, except as prescribed by a physician;
3) the Special Condition of Supervised Release which provides that the defendant shall pay any unpaid balance of restitution;
4) the Condition of Supervised Release which provides that the defendant shall not commit another federal, state, or local crime;

Pursuant to the policy statement at U.S.S.G. § 7B1.1(b), where there is more than one violation of the conditions of supervision, or where the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. The violations are Grade C in nature to the policy statement at U.S.S.G. § 7B1.1(a)(3) because they involve violations of law with a penalty of 12 months or less and violations of conditions of supervision.

Pursuant to the policy statement at U.S.S.G. § 7B1.3(a)(2), upon a finding of a Grade C violation, the Court may revoke the sentence of supervised release or extend the term of supervised release and/or modify the conditions of supervision.

Pursuant to the policy statement at U.S.S.G. § 7B1.4(a), in the case of a revocation of Supervised Release, based upon a Grade C violation and the original

DEFENDANT:
CASE NUMBER:

## ADDITIONAL SENTENCING INFORMATION

Criminal History Category of VI, the guideline imprisonment range is 8 to 14 months.

Pursuant to 18 U.S.C. Section 3583(g)(3), if the defendant refuses to comply with the drug testing imposed as a condition of supervised release, a mandatory revocation is applicable.

Pursuant to the policy statement at § 7B1.3, if the minimum term of imprisonment for a supervised release violation is more than 6 months but not more than 10 months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention provided that at least one-half the minimum term is satisfied by imprisonment.

Pursuant to Title 18, U.S.C. § 3553, among the factors to be considered in imposing sentence are:
1) the nature and circumstances of the offense and the history and characteristics of the defendant;
2) the need for the sentence imposed-
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established by the United States Sentencing Guidelines.

Pursuant to the policy statement at U.S.S.G. § 7B1.3, any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation should be ordered to be paid or served, in addition to the sanction determined under the policy statement at U.S.S.G. § 7B1.4.

Based upon these factors and the statements and recommendations made during the hearing, the Court finds that a sentence within the range recommended by the Sentencing Guidelines is a reasonable sentence.

Pursuant to the recommendation of the parties and Title 18, U.S.C. §§ 3583

DEFENDANT:
CASE NUMBER:

## ADDITIONAL SENTENCING INFORMATION

and 3553, therefore, **IT IS ORDERED** that defendant Larry Kidd's Supervised Release be **REVOKED** and the defendant be **COMMITTED TO THE CUSTODY OF THE UNITED STATES BUREAU OF PRISONS FOR A PERIOD OF FOURTEEN (14) MONTHS.**

The defendant is ordered to pay the balance of his restitution.

The defendant is remanded to the custody of the United States Marshals.

Both parties are notified by this Court that each of you have a right to appeal this sentence, and if you are unable to pay the cost of an appeal, you have the right to apply to this Court for leave to proceed in forma pauperis. If you are indigent and cannot retain a lawyer, you may apply and one will be appointed to represent you on your appeal.

You are further advised that, in accordance with the provisions of Rule 4(b) of the Rules of Appellate Procedure, you must file your notice of appeal with the Clerk of the United States District Court within 10 days of the filing of judgment which will be filed on February 23, 2006. **Ten calendar days from the filing of the judgment is March 5, 2006.**

The Court does hereby advise you that if you so request, the Clerk of this Court will prepare and file forthwith a notice of appeal on your behalf. It is further ordered that the defendant shall notify the United States Attorney for the Southern District of Ohio within 30 days of any change in residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.